UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC ZACHARY ANDERSON,

    Plaintiff,

  v.

M. SOKOLOFF, et al.,

    Defendants.

Case No. 15-cv-01854-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Eric Zachary Anderson, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 concerning Defendants' responses to his medical needs on a "lay over" at San Quentin State Prison ("SQSP") during his transfer to PBSP in November of 2013. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

Plaintiff names the following Defendants at SQSP: Registered Nurse M. Sokoloff; Physicians E. Tootell and Lisa Pratt; and Medical Hiring Authority Andrew Deems. Plaintiff seeks monetary damages "due to SQSP medical negligence." Dkt. 1 at 4.

Plaintiff has been granted leave to proceed *in forma pauperis.*

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons outlined below, the complaint is DISMISSED WITH LEAVE TO AMEND.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Plaintiff asserts that on November 11, 2013, he was "stabbed 15 times by two inmates with two knives" at California State Prison – Sacramento ("C.S.P. SAC").  Dkt. 1 at 3.  Plaintiff claims that "within 15 hours" he was transferred out of C.S.P. SAC, and taken to SQSP for a "layover" on his way to PBSP.  *Id.*  Plaintiff claims that he was "in terrible pain" and that "[his] stab [sic] wounds were bloody & throbbing . . . ."  *Id.*  Plaintiff requested "medical attention and to be given [his] pain meds prescribed by [the] C.S.P. SAC M.D. who stitched [him] up."  *Id.*  However, Defendant Sokoloff "refused to examin[e] [his] wounds that were bleeding" and "refused to issue [him his] pain medication."  *Id.*  Plaintiff adds that Defendant Sokoloff "falsified [his] body chart by saying [he] had NO WOUNDS."  *Id.*  Plaintiff states that Defendant Sokoloff "wrote 'T3' on the top of [Plaintiff's] body chart as that was the prescribed med[icine] [he] was sup[p]osed to receive that [he] kept pleading with her to give [him]."  *Id.*  Plaintiff claims that he "was forced to endure [his] pain all night on [his] lay over at SQSP with no medical treatment" and that the next day, he was still denied his medication and "forced in a prison bus and [driven] 9 hours to [PBSP] . . . ."  *Id.*  On November 14, 2013, Plaintiff states that he was finally given his medication at PBSP.  *Id.*

To prove that the response of prison officials to an inmate's medical needs was constitutionally deficient, the inmate must establish (1) a serious medical need and (2) deliberate indifference to that need by jail officials.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136

1  (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner

2  faces a substantial risk of serious harm and disregards that risk by failing to take reasonable

3  measures to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994).

4  Here, as explained below, the complaint fails to state a claim upon which relief may be

5  granted against any Defendant.  Plaintiff must file an amended complaint to cure the deficiencies

6  discussed in this Order.

7  First, the complaint does not include any allegation that suggests deliberate indifference to

8  a serious medical need.  At most, Plaintiff's claim—that Defendant Sokoloff failed to examine

9  him or provide him with his medication during his over-night lay over at SQSP—amounts to

10  negligence.  In fact, as mentioned above, in the "Relief" section of his complaint, Plaintiff

11  concedes that his claim is one of "medical negligence."  Dkt. 1 at 4.  It is well-established law that

12  a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth

13  Amendment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *see, e.g.*, *Frost v.

14  Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged

15  delays in administering pain medication, treating broken nose and providing replacement crutch,

16  because claims did not amount to more than negligence).

17  To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-

18  pleaded complaint that there is a federal question.  *See Easton v. Crossland Mortgage Corp.*, 114

19  F.3d 979, 982 (9th Cir. 1997).  Here, it is not clear that Plaintiff presents a federal question.

20  However, liberally construing Plaintiff's complaint as this Court is required to do, see *Hughes v.

21  Rowe*, 449 U.S. 5, 9 (1980), Plaintiff's claims could potentially state an Eighth Amendment

22  violation if Plaintiff can sufficiently plead his allegations.  As mentioned above, a determination

23  of "deliberate indifference" involves an examination of two elements: the seriousness of the

24  prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*,

25  974 F.2d at 1059.  At this time, Plaintiff's current claim of negligence is insufficient to amount to

26  an Eighth Amendment violation.  *See Toguchi*, 391 F.3d at 1060-61.

27  Second, Plaintiff has not provided the Court with the sufficient information necessary to

28  determine whether an Eighth Amendment claim for relief has been stated against *any* Defendant.

3

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Plaintiff claims that Defendant Sokoloff refused to examine Plaintiff's injuries while he was at SQSP for an over-night lay over. Dkt. 1 at 3. Plaintiff adds that Defendant Sokoloff falsely indicated that he had "NO WOUNDS." *Id.* However, Plaintiff claims that Defendant Sokoloff did correctly indicate that Plaintiff was prescribed "T3" as pain medication on his "body chart," but that Defendant Sokoloff failed to provide him with his medication. *Id.* Even so, again, such a claim of an isolated incident of failing to examine Plaintiff and denying him medication amounts at most to negligence, which does not violate a prisoner's Eighth Amendment rights. *Toguchi*, 391 F.3d at 1060-61; *Frost*, 152 F.3d at 1130. And, as explained above, Plaintiff concedes that Defendant Sokoloff's actions amounted to "medical negligence." Dkt. 1 at 4. Moreover, Plaintiff claims that he was eventually given his pain medication when he arrived at PBSP on November 14, 2013. *Id.* at 3.

Plaintiff must allege facts sufficient to show that the remaining named Defendants' actions rise to the level of constitutional violations. As mentioned above, Plaintiff is attempting to also hold Defendants Tootell, Pratt and Deems liable for the claims in his complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). This Plaintiff has not done. He fails to mention any of these remaining named Defendants in the "Statement of Claim" section of his complaint. Dkt. 1 at 3. In addition, if Plaintiff claims that any of the remaining named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Because Plaintiff has not linked any of the remaining named Defendants to his claims, no claim for damages can proceed unless Plaintiff amends his complaint to cure this pleading deficiency.

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's

4

obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. However, district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

As explained above, Plaintiff has not stated a cognizable deliberate indifference claim against any of the named Defendants. Plaintiff will be granted leave to amend to correct the aforementioned deficiencies, if he can do so in good faith. In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Plaintiff must write out a complete statement of his claim. The Court notes that Plaintiff has attached several medical records and grievances to his complaint apparently as a way to explain his problem. However, the Court will not read through exhibits to piece together a claim for a Plaintiff who has not pled one. It is Plaintiff's obligation to write out a complete statement of his claim in his amended complaint.

The Court reminds Plaintiff that liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

1          Lastly, the Court stresses to Plaintiff that negligence by any Defendant in responding to

2  Plaintiff's medical condition, without more, does not violate a prisoner's Eighth Amendment

3  rights. *Toguchi*, 391 F.3d at 1060-61; *Frost*, 152 F.3d at 1130.

4          Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be

5  provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if

6  he can do so in good faith, as directed below.

## CONCLUSION

8          For the foregoing reasons, the Court orders as follows:

9          1.     Plaintiff's complaint is DISMISSED with leave to amend in order to give him the

10 opportunity to amend to correct the aforementioned deficiencies of his deliberate indifference

11 claim against Defendants, as indicated above.  In his amended complaint, Plaintiff needs to link

12 each defendant to his claim by alleging facts showing the basis for liability for each individual

13 defendant.  Plaintiff should identify each involved person by name and link each of them to his

14 claim by explaining what each defendant did or failed to do that caused a violation of his

15 constitutional rights.  *See Leer*, 844 F.2d at 634.  Plaintiff shall not allege only negligence by any

16 Defendant in responding to his medical condition because such a claim does not violate a

17 prisoner's Eighth Amendment rights.  *See Toguchi*, 391 F.3d at 1060-61; *Frost*, 152 F.3d at 1130.

18         2.     Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his

19 Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form, write the

20 case number for this action—Case No. C 15-1854 YGR (PR)—on the form, clearly label the

21 complaint "Amended Complaint," and complete all sections of the form.  Because the Amended

22 Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he

23 wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S.

24 915 (1992).  He may not incorporate material from the original complaint by reference.

25 **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to**

26 **correct the aforementioned deficiencies outlined above will result in the dismissal of this**

27 **action without prejudice.**

28         3.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

IT IS SO ORDERED.

Dated: October 6, 2015

YVONNE GONZALEZ ROGERS
United States District Judge