<table>
<tr><td>1</td><td></td></tr>
</table>

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3

4    ERIC ZACHARY ANDERSON,                    Case No.   15-cv-01854-YGR (PR)

          Plaintiff,
5                                              **ORDER OF PARTIAL DISMISSAL AND
                                               SERVICE**
6        v.

7    M. SOKOLOFF,

          Defendant.
8

9    **I.     BACKGROUND**

10          Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights

11   complaint under 42 U.S.C. § 1983 concerning Defendants' responses to his medical needs on a

12   "lay over" at San Quentin State Prison ("SQSP") during his transfer to PBSP in November of

13   2013.

14          In his original complaint, Plaintiff asserted that on November 11, 2013, he was "stabbed 15

15   times by two inmates with two knives" at California State Prison – Sacramento ("C.S.P. SAC").

16   Dkt. 1 at 3.  Plaintiff claimed that "within 15 hours" he was transferred on November 12, 2013 out

17   of C.S.P. SAC, and taken to SQSP for a "layover" on his way to PBSP.  *Id.*  Plaintiff alleged

18   Registered Nurse M. Sokoloff refused to examine Plaintiff's injuries while he was at SQSP during

19   the over-night lay over.  *Id.*  Plaintiff added that Defendant Sokoloff falsely indicated that he had

20   "NO WOUNDS."  *Id.*  However, Plaintiff claimed that Defendant Sokoloff correctly indicated that

21   Plaintiff was prescribed "T3" as pain medication on his "body chart," but that Defendant Sokoloff

22   failed to provide him with his medication.  *Id.*  Plaintiff claimed that he "was forced to endure

23   [his] pain all night on [his] lay over at SQSP with no medical treatment" and that the next day, he

24   was still denied his medication and "forced in a prison bus and [driven] 9 hours to [PBSP] . . . ."

25   *Id.*  Plaintiff claimed that on November 14, 2013, he was finally given his medication at PBSP.  *Id.*

26          Plaintiff had also named as Defendants Physicians E. Tootell and Lisa Pratt, as well as

27   Medical Hiring Authority Andrew Deems, but added no facts in his original complaint linking

28   them to his allegations of wrongdoing.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    The Court reviewed Plaintiff's original complaint and dismissed it with leave to amend.

2    The Court determined that such a claim of an isolated incident of Defendant Sokoloff failing to

3    examine Plaintiff and denying him medication amounted at most to negligence, which does not

4    violate a prisoner's Eighth Amendment rights.  Dkt. 15 at 4 (citing *Toguchi v. Chung*, 391 F.3d

5    1051, 1060-61 (9th Cir. 2004); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998)).

6    The Court pointed out that Plaintiff had conceded that Defendant Sokoloff's actions amounted to

7    "medical negligence."  *Id.* (quoting Dkt. 1 at 4).  The Court also noted that Plaintiff had failed to

8    mention any of the remaining named Defendants in the "Statement of Claim" section of his

9    complaint.  *Id.* (citing Dkt. 1 at 3).  Therefore, the Court directed Plaintiff to file an amended

10   complaint to correct the aforementioned deficiencies of his deliberate indifference claim against

11   Defendants.

12   Plaintiff then filed an amended complaint, which is now before the Court for review under

13   28 U.S.C. § 1915A.   Plaintiff again names Defendant Sokoloff as a Defendant, along with two

14   new Defendants: John Doe #1 ("Medical Supervisor" of Defendant Sokoloff) and John Doe #2

15   ("Co-Worker" of Defendant Sokoloff).

16   **II.    DISCUSSION**

17       **A.    Standard of Review**

18   Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of

21   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

22   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

23   § 1915A(b).  *Pro se* pleadings must be liberally construed, however.  *Balistreri v. Pacifica Police*

24   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

27   statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

28   which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in

United States District Court
Northern District of California

1    order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

2    obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

3    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

4    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6    proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

7            To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

8    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

9    the alleged violation was committed by a person acting under the color of state law.  *West v.*

10   *Atkins*, 487 U.S. 42, 48 (1988).

11           **B.    Legal Claims**

12                   **1.   Claims Against Defendants Tootell, Pratt and Deems**

13           The Court notes that nowhere in his amended complaint does Plaintiff amend his claims

14   against Defendants Tootell, Pratt and Deems.  The time to file these amended claims has passed,

15   and Plaintiff has failed to do so.  Accordingly, the claims against Defendants Tootell, Pratt and

16   Deems are DISMISSED without prejudice.  Dismissal is without leave to amend because Plaintiff

17   has been given an opportunity to amend this claim and it appears that further amendment would be

18   futile.

19                   **2.   Deliberate Indifference Claim Against Defendants Sokoloff and John Doe #2**

20           Deliberate indifference to serious medical needs violates the Eighth Amendment's

21   proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

22   A "serious medical need" exists if the failure to treat a prisoner's condition could result in further

23   significant injury or the "unnecessary and wanton infliction of pain."  *McGuckin v. Smith*, 974

24   F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled in part on other*

25   *grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

26   prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of

27   serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v.*

28   *Brennan*, 511 U.S. 825, 837 (1994).

3

1    Neither negligence nor gross negligence warrant liability under the Eighth Amendment.

2    *Id.* at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have

3    perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."

4    *Id.* at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its

5    effect on the prisoner, but rather, upon the constraints facing the official."  *Frost*, 152 F.3d at 1128

6    (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).  Prison officials violate their constitutional

7    obligation only by "intentionally denying or delaying access to medical care."  *Estelle*, 429 U.S. at

8    104-05.

9    In his amended complaint, Plaintiff re-alleges the aforementioned background relating to

10   the fact that he had been stabbed prior to arriving at SQSP for the layover on November 12, 2013.

11   In response to the Court's Order of Dismissal With Leave to Amend, Plaintiff now claims that

12   Defendants Sokoloff's and John Doe #2's failure to provide him with pain management treatment

13   for his injuries from the stabbing incident amounted to deliberate indifference to his serious

14   medical needs.  Plaintiff also now claims that he was suffering from additional injuries due to "one

15   gun shot from a 40 mill[imeter] block gun."  Dkt. 16 at 6.[1]  As to Defendant Sokoloff, Plaintiff

16   states the following:

17    . . . upon my arrival to SQSP R&R I informed R.N. Sokoloff I was a
      victim of a stabbing assault and gunshot less than 24 hours ago and
18    the bus ride here has made my wounds bleed and puss and are
      throbbing horribly.  I asked for my medication that the [doctor] in
19    C.S.P. SAC prescribed me after getting my stitches Tylenol Three
      with Cod[e]ine.  I was to get six a day and hadn[']t received
20    anything.  [Defendant Sokoloff] seemed irritated with my pleas for
      medical help.  After approx. 2 and a half hours of pleading for
21    medical attention, [Defendant Sokoloff] came to my holding cell
      and said "O Rite [sic] already I get it your [sic] in pain and need
22    your T3's."  And [Defendant Sokoloff] wrote T3 on my body chart
      in order to make me think she was going to get my meds.  However,
23    what [Defendant Sokoloff] really did was falsify my CDCR 7219
      body chart to say I had no wounds at all in order for her to not have
24    to tend to my medical needs.

25   *Id.* at 8-9.  Plaintiff adds as follows:

26    [b]y not examining [his] wounds and falsifying [his] body chart

27   _____

28    [1] Page number citations refer to those assigned by the Court's electronic case management
     filing system and not those assigned by Plaintiff.

     4

United States District Court
Northern District of California

1
2
3

> [Defendant Sokoloff] knowingly cleared [him] for a nine hour bus
> ride in shackles[,] waist chains and cuffs locked in a two man
> [metal] cage with throbbing, bloody and puss[y] wounds that
> ultimately were worsened by continual battering of the hard plastic
> and [metal] cage around him . . . .

4
5

*Id.* at 9.  Regarding Defendant John Doe #2, Plaintiff alleges the following: "Although [Defendant

6

John Doe #2] did not falsif[y] my examination, [Defendant John Doe #2] did disregard my pleas

7

for medical treatment, pain medication and willingly allowed me to suffer in pain . . . ." *Id.* at 11.

8

These new allegations, liberally construed, state a claim of deliberate indifference against

9

Defendants Sokoloff and John Doe #2.

10

However, regarding Defendant John Doe #2, Plaintiff describes this Defendant as "M.

11

Sokoloff[']s] co-worker on 11-12-13 in R&R," but states that he does know this Defendant's name.

12

*Id.* at 3.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth

13

Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of

14

*Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged

15

defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff

16

should be given an opportunity through discovery to identify the unknown defendants, unless it is

17

clear that discovery would not uncover their identities or that the complaint should be dismissed

18

on other grounds.  *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180

19

(N.D. Cal. 1986).  Plaintiff must provide to the Court the name Defendant John Doe #2 by the date

20

scheduled in this Order for any served Defendant to file a dispositive motion.  Failure to do so will

21

result in dismissal of Defendant John Doe #2 without prejudice to Plaintiff filing a new action

22

against him or her.

### 3.  Supervisory Liability Claim

23

Plaintiff sues Defendant John Doe #1 (described as "Medical Supervisor of M. Sokoloff"),

24

in his or her supervisory capacity.  First, as mentioned above, the use of "John Doe" to identify a

25

defendant is not favored in the Ninth Circuit.  *See Gillespie*, 629 F.2d at 642.  Moreover, Plaintiff

26

does not allege facts demonstrating that Defendant John Doe #1 violated his federal rights, but

27

seems to claim Defendant John Doe #1 is liable based on the conduct of his or her subordinate,

28

Defendant Sokoloff.  There is, however, no respondeat superior liability under section 1983 solely

United States District Court
Northern District of California

United States District Court
Northern District of California

1    because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880

2    F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional

3    violations of his subordinates if the supervisor participated in or directed the violations, or knew of

4    the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or

5    she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights

6    and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d

7    1435, 1446 (9th Cir. 1991) (en banc). Because there is no vicarious liability under section 1983

8    and Plaintiff does not include allegations showing that Defendant John Doe #1 was personally

9    involved in the constitutional deprivation, Plaintiff's claim against this Defendant is therefore

10   DISMISSED without prejudice.

11   **III.    CONCLUSION**

12          For the foregoing reasons, the Court orders as follows:

13          1.       The claims against Defendants Tootell, Pratt and Deems are DISMISSED without

14   prejudice and without any further leave to amend.

15          2.       Plaintiff's new allegations in his amended complaint state a claim of deliberate

16   indifference against Defendants Sokoloff and John Doe #2. Plaintiff must provide to the Court the

17   name Defendant John Doe #2 by the dispositive motion due date indicated below. Failure to do so

18   will result in dismissal of Defendant John Doe #2 without prejudice to Plaintiff filing a new action

19   against him or her.

20          3.       Plaintiff's supervisory liability claim against Defendant John Doe #1 is

21   DISMISSED without prejudice.

22          4.       The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

23   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

24   complaint and all attachments thereto (dkt. 16), and a copy of this Order to **Registered Nurse M.**

25   **Sokoloff** at SQSP.

26          The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the

27   State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this

28   Order to Plaintiff.

1       5.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

2  Defendant to cooperate in saving unnecessary costs of service of the summons and amended

3  complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the

4  court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be

5  required to bear the cost of such service unless good cause be shown for Defendant's failure to

6  sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had

7  been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B),

8  Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on

9  which the request for waiver was sent.  (This allows a longer time to respond than would be

10  required if formal service of summons is necessary.)  Defendant is asked to read the statement set

11  forth at the foot of the waiver form that more completely describes the duties of the parties with

12  regard to waiver of service of the summons.  If service is waived after the date provided in the

13  Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days**

14  from the date on which the request for waiver was sent or **twenty (20) days** from the date the

15  waiver form is filed, whichever is later.

16       6.      Defendant shall answer the amended complaint in accordance with the Federal

17  Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this

18  action:

19       a.      No later than **sixty (60) days** from the date the answer is due, Defendant

20  shall file a motion for summary judgment or other dispositive motion.  The motion must be

21  supported by adequate factual documentation, must conform in all respects to Federal Rule of

22  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

23  the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice

24  so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

25  oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

26  in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss

27

28       [2]  *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

*United States District Court*
*Northern District of California*

1    for failure to exhaust available administrative remedies must be accompanied by a similar notice.

2    However, the court notes that under the new law of the circuit, in the rare event that a failure to

3    exhaust is clear on the face of the amended complaint, Defendant may move for dismissal under

4    Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b)

5    motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*

6    *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available

7    administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be

8    raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is

9    not clear on the face of the amended complaint, Defendant must produce evidence proving failure

10   to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed

11   in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary

12   judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be

13   denied and the district judge rather than a jury should determine the facts in a preliminary

14   proceeding.  *Id.* at 1168.

15        If Defendant is of the opinion that this case cannot be resolved by summary judgment,

16   Defendant shall so inform the court prior to the date the summary judgment motion is due.  All

17   papers filed with the court shall be promptly served on Plaintiff.

18                b.        Plaintiff's opposition to the dispositive motion shall be filed with the court

19   and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

20   motion is filed.

21                c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of

22   the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

23   must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

24   be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

25   any fact that would affect the result of your case, the party who asked for summary judgment is

26   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

27   makes a motion for summary judgment that is properly supported by declarations (or other sworn

28   testimony), you cannot simply rely on what your amended complaint says.  Instead, you must set

United States District Court
Northern District of California

8

1   out specific facts in declarations, depositions, answers to interrogatories, or authenticated

2   documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's

3   declarations and documents and show that there is a genuine issue of material fact for trial.  If you

4   do not submit your own evidence in opposition, summary judgment, if appropriate, may be

5   entered against you.  If summary judgment is granted, your case will be dismissed and there will

6   be no trial.  *Rand*, 154 F.3d at 962-63.

7          Plaintiff also is advised that—in the rare event that Defendant argues that the failure to

8   exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust

9   available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

10  without prejudice.  To avoid dismissal, you have the right to present any evidence to show that

11  you did exhaust your available administrative remedies before coming to federal court.  Such

12  evidence may include: (1) declarations, which are statements signed under penalty of perjury by

13  you or others who have personal knowledge of relevant matters; (2) authenticated documents—

14  documents accompanied by a declaration showing where they came from and why they are

15  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

16  in your amended complaint insofar as they were made under penalty of perjury and they show that

17  you have personal knowledge of the matters state therein.  As mentioned above, in considering a

18  motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary

19  judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide

20  disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

21         (The notices above do not excuse Defendant's obligation to serve similar notices again

22  concurrently with motions to dismiss for failure to exhaust available administrative remedies and

23  motions for summary judgment.  *Woods*, 684 F.3d at 935.)

24         d.      Defendant shall file a reply brief no later than **fourteen (14) days** after the

25  date Plaintiff's opposition is filed.

26         e.      The motion shall be deemed submitted as of the date the reply brief is due.

27  No hearing will be held on the motion unless the court so orders at a later date.

28         7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

United States District Court
Northern District of California

9

1   Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose

2   Plaintiff and any other necessary witnesses confined in prison.

3        8.     All communications by Plaintiff with the court must be served on Defendant or

4   Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to

5   them.

6        9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

7   informed of any change of address and must comply with the court's orders in a timely fashion.

8   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

9   while an action is pending must promptly file a notice of change of address specifying the new

10  address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail

11  directed to the *pro se* party by the court has been returned to the court as not deliverable, and

12  (2) the court fails to receive within sixty days of this return a written communication from the *pro*

13  *se* party indicating a current address.  *See* L.R. 3-11(b).

14       10.    Extensions of time are not favored, though reasonable extensions will be granted.

15  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

16  deadline sought to be extended.

17       IT IS SO ORDERED.

18  Dated:  April 20, 2016

19  _____
    YVONNE GONZALEZ ROGERS
20  United States District Judge

21

22

23

24

25

26

27

28